IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, *Secretary of Labor*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 14-1494 |
| WPN CORPORATION, RONALD LABOW, SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE, MICHAEL DICLEMENTE, DENNIS HALPIN, WHEELING CORRUGATING COMPANY RETIREMENT SECURITY PLAN, and SALARIED EMPLOYEES' PENSION PLAN OF SEVERSTAL WHEELING, INC., | ) ) ) ) ) ) ) ) ) ) District Judge Nora Barry Fischer |
| Defendants. | ) ) |

## **MEMORANDUM ORDER**

Pursuant to this Court's September 22, 2016 Case Management Order (Docket No. 114), Defendants Michael DiClemente, Dennis Halpin, and Severstal Wheeling, Inc. Retirement Committee filed a Motion to Compel (Docket No. 116) disclosure of the Settlement Agreement ("Agreement") between the United States Department of Labor ("Plaintiff") and all members of the retirement committee on or after May 1, 2009. Plaintiff filed a Response (Docket No. 120) in opposition to disclosure on October 14, 2016. Defendants filed a Reply on October 25, 2016. (Docket No. 122). By subsequent Order of this Court on October 26, 2016 (Docket No. 123), a Response (Docket No. 126) was also filed by those members of the retirement committee serving on or after May 1, 2009.

Upon consideration of the aforementioned briefs, as well as the Agreement itself, pertinent case law, and the facts of record, the Court finds the following:

A. Defendants contend that the Agreement should be disclosed because it is purportedly subject to a common law right of access, is subject to disclosure under the Freedom of Information Act, and is non-privileged matter relevant to Defendants' potential liability (Docket Nos. 116 and 122);

B. Plaintiff, in essence, requests that the Court enter a Protective Order placing the Agreement under seal because Defendants have not shown a particularized need for same (Docket No. 120);

C. The settling members of the retirement committee expressed no objection to disclosure to Defendants, so long as the Agreement is not disclosed to the public (Docket No. 126);

D. Courts do not generally allow discovery of confidential settlements without a heightened showing of relevance or need; however, "[t]he mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield the agreement from discovery." *In re Flat Glass Antitrust Litig.*, 2013 WL 1703864 at *1 (W.D. Pa. Apr. 19, 2013).

E. The Agreement contains no provision regarding confidentiality. Rather, it states only that it "shall not be offered or received in evidence in any action or proceeding, except in a proceeding to enforce the terms of this Agreement;"

F. In *Pansy v. Borough of Stroudsburg*, the Third Circuit held that "balanced against the interest of settlement is the interest of the public to have access to information concerning judicial proceedings." 23 F.3d 772, 789 (3d Cir. 1994). "Discretion should be left with the court to evaluate the competing considerations in light of the facts of individual

cases." *Id.* (citation omitted);

G. Given the nature of the dispute as involving the improper handling of the principal of a retirement fund, the public has a clear interest in the proceedings before this Court, and the ultimate disposition of the present case. *See Pansy*, 23 F.3d at 788 ("If a settlement agreement involves issues or parties of a public nature, and involves matters of legitimate public concern, that should be a factor weighing against entering or maintaining an order of confidentiality.").

H. The importance of the instant matter to the public is epitomized by the involvement of the United States Department of Labor. *See In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001) ("The right of public access is particularly compelling here, because many members of the "public" are also plaintiffs in the class action.");

I. Ordering disclosure of the Agreement to Defendants and Defendants' counsel, only, will balance the needs of both parties in the present case.

Accordingly, this 9th day of November, 2016, upon this Court's consideration of the parties' briefs and factors described above,

IT IS HEREBY ORDERED that Defendants' Motion (Docket No. [116]) shall be GRANTED to the extent that Defendants Michael DiClemente and Dennis Halpin, their underwriter, if any, and their counsel of record, are permitted to view the contents of the Agreement.

IT IS FURTHER ORDERED that the Motion shall be DENIED to the extent Defendants may wish to disseminate the Agreement beyond Michael DiClemente and Dennis Halpin, their underwriter, if any, and their counsel of record; the Agreement shall not be filed on the docket and shall not be disclosed to anyone other than Michael DiClemente and Dennis Halpin, their

underwriter, if any, and their counsel of record, or be used for any purpose other than the present litigation, without leave of this Court.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.