UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE: ) Case No. 02-CV-153-H(M)
WILLIAMS COMPANY ) (Lead Case)
ERISA LITIGATION ) Class Action
) 02-CV-159-H(M)
) 02-CV-285-H(M)
) 02-CV-289-H(M)

**FILED AUG 2 2 2003** Phil Lombardi, Clerk U.S. DISTRICT COURT

## BRIEF OF THE SECRETARY OF LABOR AS AMICUS CURIAE SUPPORTING THE PLAINTIFFS' MOTION FOR RECONSIDERATION

HOWARD M. RADZELY
Acting Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

ELIZABETH HOPKINS
Counsel for Appellate and
Special Litigation

U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
Phone: (202) 693-5614
Fax:    (202) 693-5610

## INTRODUCTION

As discussed below, those who have the authority to appoint and remove plan fiduciaries are themselves fiduciaries and have an ongoing obligation to monitor their appointees to ensure that they are fulfilling their fiduciary obligations to the plan. The Complaint in this case alleges that the members of the Williams Company Board of Directors, who admittedly were charged with the duty to appoint, retain and remove members of the Benefits Committee, breached their fiduciary duties under ERISA by failing to monitor the Committee members and failing to provide them with the information that they needed to carry out their investment responsibilities. Complaint (Compl.) at ¶¶ 238-41, 251-52. The Secretary agrees with the Plaintiffs that these allegations state a claim under ERISA and accordingly joins in the Plaintiffs' motion to reconsider.[1]

## ARGUMENT

<u>As the Fiduciaries Responsible for Appointing, Retaining, and Removing Members of the Benefits Committee, the Board Had a Duty to Monitor The Committee and to Take Appropriate Action If the Committee Was Not Adequately Protecting the Interests of the Plan's Participants and Beneficiaries</u>

ERISA provides that:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee . . . (iii) he has any

---

[1] For the purposes of this motion to dismiss, the Secretary accepts as true all of the plaintiffs' factual allegations. The Secretary does not, however, address all of the arguments raised by the motions to dismiss. The decision to address some, but not all arguments, should not be construed as reflecting a judgment on the merits of the arguments that are not addressed, such as the knowing participation argument, an issue which the Secretary addressed at some length in her amicus brief in <u>Tittle v. Enron</u>, CV No. H-01-3913 (S.D. Texas 1992). <u>See</u> Amended Brief of the Secretary of Labor as Amicus Curiae Opposing the Motions to Dismiss, at pp. 56-59 (Attached as Exhibit 1 to Plaintiffs' Memorandum in Opposition to Williams and the Director Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint).

2

> discretionary authority or discretionary responsibility in the administration of the plan. Such term includes any person designated [by the named fiduciaries to carry out fiduciary functions] under [section] 405(c)(1)(B).

29 U.S.C. § 1002(21)(A).

The Plaintiffs allege that the Plan gave the Board the power to appoint, remove, and retain members of the Plan's Benefits Committee. As the officials responsible for determining the Committee's composition, the members of the Board have the requisite discretionary authority over plan management and administration, and are, therefore, fiduciaries under 29 U.S.C. § 1002(21)(A).

Pursuant to her authority to interpret and enforce the provisions of Title I of ERISA, the Secretary has concluded that fiduciaries, such as Board members, who are responsible for appointing other fiduciaries have fiduciary responsibility with regard to the selection and retention of those fiduciaries. 29 C.F.R. § 2509.75-8 at D-4. The Secretary has further addressed the "ongoing responsibilities of a fiduciary who has appointed trustees or other fiduciaries with respect to these appointments" and concluded that:

> At reasonable intervals the performance of trustees and other fiduciaries should be reviewed by the appointing fiduciary in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan. No single procedure will be appropriate in all cases; the procedure adopted may vary in accordance with the nature of the plan and other facts and circumstances relevant to the choice of the procedure.

29 C.F.R. § 2509.75-8 at FR-17. In this manner, the Secretary has interpreted the duty of appointing fiduciaries to encompass a duty to periodically monitor the performance of the appointees so as to ensure compliance with their fiduciary duties under ERISA and the plan. This interpretation is entitled to deference. The Black & Decker Disability Plan v.

3

Nord, 123 S. Ct. 1965, 1972 (2003) (giving deference to the Secretary's view of the ERISA claims processing system as expressed in a Q&A on the Department of Labor website); see also Meyer v. Holly, 123 S. Ct. 824, 830 (2003) (deferring to HUD regulation specifying that ordinary vicarious liability rules apply in administration of housing statute); Chevron v. Echazabal, 536 U.S. 73, 83 (2002) (giving deference to EEOC regulation interpreting Americans with Disabilities Act).

Moreover, this view of the ongoing duties of appointing fiduciaries is well established in the case law, which is virtually unanimous in recognizing a duty of appointing fiduciaries to monitor their appointees. The courts have long recognized that "[t]he power to appoint and remove trustees carries with it the concomitant duty to monitor those trustees' performance." Liss v. Smith, 991 F. Supp. 278, 311 (S.D.N.Y. 1998); accord Leigh v. Engle, 727 F.2d 113, 135 (7th Cir. 1984), cert. denied, 489 U.S. 1078 (1989); Martin v. Feilen, 965 F.2d 660, 669-70 (8th Cir. 1992), cert. denied, 506 U.S. 1054 (1993); Mehling v. New York Life Ins. Co., 163 F. Supp. 2d 502, 510 (E.D. Pa. 2001); Atwood v. Burlington Indus. Equity, Inc., No. 2:92CV00716, 1994 WL 698314, at *6 (M.D.N.C. Aug. 3, 1994); Henry v. Frontier Indus., Inc., Nos. 87-3879 and 87-3898, 1988 WL 132577, at *3 (9th Cir. Dec. 1, 1988) (unpublished); Sandoval v. Simmons, 622 F. Supp. 1174, 1211 (C.D. Ill. 1985); Restatement (Second) of Trusts §§ 184, 224. "[I]mplicit in [the appointing fiduciary's] power to select the Plans' named fiduciaries is the duty to monitor the fiduciaries' actions, including their investment of Plan assets." Mehling, 163 F. Supp. 2d at 510, citing Leigh, 727 F.2d at 134-35.

Moreover, in discharging their duties, appointing fiduciaries must act in accordance with ERISA's requirements of prudence and undivided loyalty, 29 U.S.C. §

1104(a)(1)(A) and (B). See Leigh, 727 F.2d at 134. It is simply impossible for appointing fiduciaries to prudently determine whether to retain, remove, or replace appointees, if they fail to properly monitor the appointee's performance, as the Williams Board has allegedly failed to monitor the performance of the Benefits Committee here. Furthermore, "[d]epending on the circumstances, the director's duty to monitor the actions of appointed trustees may impose a duty to prevent wrongful conduct." Feilen, 965 F.2d at 669-70. This is because the "duty to monitor carries with it, of course, the duty to take action upon discovery that the appointed fiduciaries are not performing properly." Liss, 991 F. Supp. at 311. The precise contours of the appointing fiduciaries' obligations will vary depending on the circumstances of the case, Leigh, 727 F.2d at 135. But in most cases it will be enough that they adopt and adhere to routine procedures sufficient to alert them to deficiencies in performance which could require corrective action (e.g., the implementation of a system of regular reports on the investment fiduciaries' decisions and performance). See generally Martin v. Harline, 15 Employee Benefit Cas. (BNA) 1138, 1149 (D. Utah 1992) (corporate officers who appoint must "ensure that the appointed fiduciary clearly understands his obligations, that he has at his disposal the appropriate tools to perform his duties with integrity and competence, and that he is appropriately using those tools"); cf. Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc., 93 F.3d 1171, 1181-82 (3d Cir. 1996) (if securities firm was itself a fiduciary, it could not sit silently by while plans hired an individual to serve as a fiduciary who had left the firm after an investigation for fraud, who was found by the firm to have engaged in fraud, and who was referred to the National Association of Securities Dealers based on his misconduct). See also Amended

Brief of the Secretary of Labor as Amicus Curiae Opposing the Motions to Dismiss in Tittle v. Enron, CV No. H-01-3913 (S.D. Texas 1992), at pp. 8-15 (Attached as Exhibit 1 to Plaintiffs' Memorandum in Opposition to Williams and the Director Defendants' Motion to Dismiss Consolidated Amended Class Action Complaint).

If, as the Plaintiffs allege, the Board members failed to properly monitor the Benefits Committee, they breached their fiduciary responsibilities under ERISA as established by the uniform body of cases cited above. See, e.g., Whitfield v. Tomasso, 682 F. Supp. 1287, 1305 (E.D.N.Y. 1988) (union violated its fiduciary duty "by failing to take appropriate steps to remove Union-appointed trustees who it knew were breaching their fiduciary obligations to the Fund"). In such cases, appointing fiduciaries may be held "indirectly liable" for the injuries caused by their appointees. See Atwood, 1994 WL 698314, at *6.

The cases relied upon by the Defendants and by this Court in its order of July 14, 2003, are not to the contrary. In each of the cases cited, plaintiffs sought to impose on the appointing fiduciaries obligations that had been assigned to other fiduciaries, rather than to hold them accountable for their own failure to monitor the work of their appointees. In Crowley v. Corning, 234 F. Supp. 2d 222, 229 (W.D.N.Y. 2002), the court dismissed claims against Board members who, as in this case, had the power to appoint, retain or remove members of an investment committee. However, neither the decision nor, apparently, the complaint, alluded to a failure to monitor. Instead, the complaint alleged more generally that the Board was charged with operating the plan in the best interests of the participants and beneficiaries, and that by misrepresenting certain information and failing to disclose other information, the Board member defendants had

6

failed to meet their obligations. Id. The complaint also alleged that under general principles of respondeat superior, the Board was liable for the actions of the committee members. Id. The court did not opine on the Board's duty to monitor, or dismiss allegations based on the appointing fiduciaries' failure to monitor. See also Independent Ass'n of Publishers v. Dow Jones & Co., Inc., 671 F. Supp. 1365, 1367 (S.D.N.Y. 1987) (the court dismissed the plaintiffs' claims because they had failed to allege any breach with respect to the company's power to appoint and remove the fiduciaries, not because the court rejected the duty to monitor).

Likewise, Hull v. Policy Management Sys. Corp., No. CIV.A.3:00-778-17, 2001 WL 1836286 (D.S.C. Feb. 9, 2001), does not directly speak to the existence or contours of a duty of appointing fiduciaries to monitor those whom they appoint. Responding to a motion to dismiss, the Hull plaintiffs sought to recharacterize their allegations against the Board members as a claim for failure to supervise, but the court concluded that the complaint did not support such a reading. Id. at *6. Instead, the complaint had alleged breaches based on a duty to provide information and not to mislead. Without deciding whether the duty to appoint and remove committee members includes a duty to supervise those appointees (which the court seemed to believe was a "stretch[]"), the court concluded that "there are simply no allegations in the complaint adequate to support a claim for failure to supervise." Id. at *7.

Thus, the cases cited in the Court's July 14, 2003, order do not contradict or undermine the Secretary's regulations or the uniform body of case law recognizing that corporate officials, including Board members, who have the authority to appoint and remove plan fiduciaries, are themselves fiduciaries who have the obligation to monitor

7

those they appoint. This is not to say, however, that an appointing fiduciary's obligations are limitless. ERISA itself, in providing that fiduciary liability only attaches "to the extent" that a fiduciary has or exercises discretionary authority or control, 29 U.S.C. § 1002(21)(A), makes it clear that fiduciary status "is not an all or nothing proposition." Beddell v. State Street Bank & Trust Co., 137 F.3d 12, 18 (1st Cir. 1998). Rather, the "fiduciary liability for 'functional' (as opposed to named) fiduciaries extends only so far as the fiduciary has discretionary authority in the administration of a plan." Liss, 991 F. Supp. at 311.

Accordingly, the appointing fiduciaries are not charged with directly overseeing the investments and thus duplicating the responsibilities of the investment fiduciaries. But they are required to have procedures in place so that on an ongoing basis they may review and evaluate whether the investment fiduciaries are doing an adequate job. See Leigh, 727 F.2d at 135 (appointing fiduciary did not have to examine every action taken by the plan administrators, but he was obligated to act with appropriate prudence and reasonableness in monitoring the administrators' management of the plan). Appointing fiduciaries are not directly responsible for management of the plan's portfolio; they simply have the responsibility of effectively reviewing their appointees' performance to ensure that they are doing their job (for example, by requiring periodic reports on their work and the plan's performance, and by ensuring that they have a prudent process for obtaining the information and resources they need). The important point is not that the appointing fiduciaries must follow one prescribed set of procedures for monitoring the investment fiduciaries, but that they apply procedures that allow them, under the applicable circumstances, to assure themselves that those they have entrusted with

discretionary authority to invest the plan's assets are properly discharging their responsibilities.

In other words, prudent fiduciaries with responsibility for appointing investment fiduciaries need not themselves manage the investments, but should periodically review the appointees' work to "ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfies the needs of the plan." 29 C.F.R. § 2509.75-8 at D-17. See also Amended Brief of the Secretary of Labor as Amicus Curiae Opposing the Motions to Dismiss in Tittle v. Enron, at pp. 8-15.

Here, the Board members were given the express authority under the plan to appoint, retain and remove the investment fiduciaries. Plan § 7.1. The fact that Board members, as appointing fiduciaries, may have "had only limited fiduciary responsibilities, does not mean that they had no responsibility whatever." Leigh, 727 F.2d at 134-35. They did have the duty under ERISA to monitor the performance of the investment fiduciaries, to ensure that they had the tools necessary to effectively protect the interests of the Plan's participants, and to take appropriate corrective action if the investment fiduciaries' conduct fell short of meeting their central responsibility to the Plan, its participants and beneficiaries. Because the Complaint alleges that the Board failed to

properly discharge its duty to monitor, Compl. at ¶¶ 238-41, 251-52, it states a claim and should not be dismissed.

    Respectfully submitted,

    HOWARD M. RADZELY
    Acting Solicitor of Labor

    TIMOTHY D. HAUSER
    Associate Solicitor
    Plan Benefits Security Division

    ELIZABETH HOPKINS
    Counsel for Appellate and
    Special Litigation

    U.S. Department of Labor
    Office of the Solicitor
    Plan Benefits Security Division
    P.O. Box 1914
    Washington, D.C. 20013
    Phone: (202) 693-5614
    Fax:   (202) 693-5610

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Brief of the Secretary of Labor as Amicus Curiae Supporting the Plaintiffs' Motion for Reconsideration, by federal express overnight courier service, on this 21st day of August 2003, on the following:

John E. Dowdell
NORMAN, WOHLGEMUTH
 CHANDLER & DOWDELL
2900 Mid-Continent Tower
Tulsa, Oklahoma 74103

Lynn Lincoln Sarco
Laurie B. Ashton
Erin M. Riley
KELLER ROHRBACK LLP
1201 Third Ave., Suite 3200
Seattle, WA 98101-3052

Graydon Dean Luthey, Jr.
HALL, ESTILL, HARDWICK, GABLE
 GOLDEN & NELSON
320 South Boston, Suite 400
Tulsa, Oklahoma 74103-3708

Howard Shapiro
Rene Elizabeth Thorn
Robert Wilkinson Rachal
SHOOK, HARDY & BACON, LLP
LL&E Tower, Suite 1100
909 Poydras Street
New Orleans, LA 70112-4017

Lawrence L. Pinkerton
Judith A. Finn
Pinkerton & Finn, PC
15 E. 5th St.
Penthouse Suite
Tulsa, Oklahoma 74103

Also a copy of the foregoing was served, via regular mail, on this 21st day of August 2003, to the following:

Paul J. Ondrasik
F. Michael Kail
Ellen M. McNamara
Steptoe & Johnson LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036

Marc I. Machiz
Joe Barton
COHEN, MILLSTEIN, HAUSFIELD
 & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.

_____
ELIZABETH HOPKINS