UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

R. ALEXANDER ACOSTA, SECRETARY OF : 
LABOR, UNITED STATES DEPARTMENT OF 
LABOR, :

                     Plaintiff, :

       v. :

Case No. 2:14-cv-01494-NBF

WPN CORPORATION, RONALD LABOW, :
SEVERSTAL WHEELING, INC. RETIREMENT
COMMITTEE, MICHAEL DICLEMENTE, :
DENNIS HALPIN, WHEELING
CORRUGATING COMPANY RETIREMENT :
SECURITY PLAN, and SALARIED
EMPLOYEES' PENSION PLAN OF :
SEVERSTAL WHEELING, INC.,

                 :
                     Defendants.

---

**SECRETARY'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS
WPN CORPORATION AND RONALD LABOW**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, ("Secretary") in support of his Motion for Summary Judgment against Defendants WPN Corporation and Ronald LaBow ("Defendants") submits the following statement of undisputed material facts:

Background

1. The Wheeling Corrugating Company Retirement Security Plan and the Salaried Employees' Pension Plan of Severstal Wheeling, Inc. ("the Plans") were established to provide retirement income to employees. *Severstal Wheeling, Inc. Retirement Committee v. WPN Corp.*, 119 F.Supp. 3d 240, 243, n.2, JX 6 at p. 8-9, JX 7 at p. 8-9 (S.D.N.Y. 2015) ("Severstal I").

2. WPN Corporation ("WPN") is a New York corporation which had its principal place of business in New York, New York.  Answer to Second Amended Complaint at ¶6.

3. Ronald LaBow is the sole executive officer and principal owner of WPN.  Answer at ¶7; *Severstal I* at 242.

4. The Severstal Wheeling, Inc. Retirement Committee ("Retirement Committee") is identified as the Plan Administrator for each of the Plans pursuant to the Plans' documents.  *Severstal I* at 243 n.2, 246.

5. Michael DiClemente became a member of the Retirement Committee no later than June, 2008 and remained a member until on or about February 5, 2009. *Severstal I* at 243, 245, 246, 257 n.3.

6. While Mr. DiClemente was a member of the Retirement Committee, he was a Named Fiduciary pursuant to the Plans' documents.  *Severstal I* at 243 n.2, 246.

7. Mr. DiClemente remained a consultant to the Retirement Committee for several months after February 2009. *Severstal I* at 257 n.3.

8. Dennis Halpin became a member of the Retirement Committee no later than June, 2008 and remained a member until on or about April 30, 2009.  *Severstal I* at 243, 259.

9. While Mr. Halpin was a member of the Retirement Committee, he was a Named Fiduciary pursuant to the Plans' documents.  *Severstal I* at 243, 246.

<u>Defendants Were Fiduciaries to the Plans</u>

10. Prior to November 3, 2008, the Plans' assets were held in the WHX Trust, which held the assets of several pension plans.  The Plans' assets constituted approximately 10% of the total assets in the WHX Trust.  *Severstal I* at 243.

11. Defendants were the investment manager for the WHX Trust and fiduciaries to the Plans. *Severstal I* at 243.

12. In or about June, 2008, Citibank, N.A., the Trustee of the WHX Trust, announced that it would discontinue its trust services by the end of 2008. *Severstal I* at 245.

13. As a result of Citibank's decision, the Plans' assets were to be separated from the WHX Trust and deposited into a new standalone Severstal Trust. *Severstal I* at 245.

14. Citibank remained the Plans' Trustee after the Severstal Trust was established on November 3, 2008 until replaced by National City Bank on or about January 2, 2009. *Severstal I* at 252.

15. Mr. LaBow verbally agreed with Mr. DiClemente to continue to act as the Plans' investment manager after the separation of the trusts. *Severstal I* at 246; LaBow at 226, 232, 241.

16. On or about December 5, 2008, Mr. LaBow signed a contract for WPN titled "Third Amendment to the Severstal Wheeling, Inc. Investment Management Agreement" ("IM Agreement") with the Retirement Committee to act as the Plans' investment manager. Mr. LaBow backdated the IM Agreement to November 1, 2008. *Severstal I* at 246; Ronald LaBow Deposition, September 21-22, 2017 ("LaBow") EX 4.

17. On or about December 5, 2008, Mr. DiClemente, on behalf of the Retirement Committee, signed the IM Agreement with Defendants. *Severstal I* at 246; LaBow EX 4.

18. The IM Agreement specified that Mr. LaBow had "primary responsibility for performing the services" under the IM Agreement. *Severstal I* at 247; LaBow EX 4 at p. 3.

19. Defendants had "complete, unlimited and unrestricted management authority with respect to the investment" of the Plans' assets pursuant to the IM Agreement. *Severstal I* at 247.

20. Defendants acted as the Plans' investment manager until the IM Agreement was terminated on or about May 19, 2009.  *Severstal I* at 265-66; LaBow at 107, 201.

<u>Defendants Breached Their Fiduciary Duties to the Plans</u>

21. On or about November 3, 2008, Defendants had the WHX Trust transfer its account with Neuberger Berman to the Severstal Trust.  *Severstal I* at 249-50.

22. The Neuberger Berman account was valued at the time of transfer at $31,446,845.  *Severstal I* at 250.

23. The Plans received the remainder of their assets on or about March 31, 2009 when the WHX Trust conducted a final accounting and made a distribution of approximately $6 million in cash to the Plans.  *Severstal I* at 269, n.5.

24. The Neuberger Berman account was not diversified.  Approximately 97% of its value was invested in eleven large cap energy stocks.  *Severstal I* at 249; LaBow at 78, 79.

25. Defendants knew that the Retirement Committee had asked for and anticipated receiving a proportionate share of the WHX Trust assets, and not the undiversified Neuberger Berman account.  *Severstal I* at 248, 267; Michael DiClemente Deposition, September 26, 2017 ("DiClemente") at 44, 45; Dennis Halpin Deposition, September 27, 2017 ("Halpin") at 28.

26. Defendants knew that Neuberger Berman was not under contract to the Retirement Committee and was not managing the Plans' assets in the Severstal Trust.  *Severstal I* at 250, 264, 265, 267; LaBow at 195.

27. The Plans remained invested in the undiversified Neuberger Berman account from on or about November 3, 2008 through on or about March 24, 2009.  *Severstal I* at 250.

4

28. Mr. LaBow stated to the Retirement Committee that "Maybe I did something wrong" on February 11, 2009, referring to his actions in transferring the Neuberger Berman account and leaving it unmanaged.  LaBow at 277, 278, EX 35 at p. 2.

29. On or about March 24, 2009, Defendants sold the assets in the Neuberger Berman account for cash.  *Severstal I* at 258; LaBow EX 24.

30. From on or about March 24, 2009 until on or about July 16, 2009, the Plans' assets were entirely invested in cash.  *Severstal I* at 260.

31. The Retirement Committee terminated Defendants' services to the Plans on or about May 19, 2009.  *Severstal I* at 260.

32. From on or about November 3, 2008 through May 19, 2009, Defendants took no action to diversify the Plans' investments.  *Severstal I* at 260.

33. From on or about November 3, 2008 through May 19, 2009, the Plans suffered losses and

lost earnings in excess of $6,775,243.  *Severstal I* at 260-62; Mangiero Report 32-34.

        Respectfully submitted,

        KATE S. O'SCANNLAIN
        Solicitor of Labor

        OSCAR L. HAMPTON III
        Regional Solicitor

        JODEEN M. HOBBS
        Regional Counsel for ERISA

        /s/ John M. Strawn
        Attorney, PA ID # 49789
        Katrina T. Liu
        Attorney, PA ID # 318630
        Office of the Solicitor
        Suite 630 East, The Curtis Center
        170 South Independence Mall West
        Philadelphia, PA 19106-3306
        Telephone No. (215) 861-5145
        Facsimile No. (215) 861-5162
        strawn.john@dol.gov
        zzsol-phi-docket@dol.gov

        U.S. DEPARTMENT OF LABOR

        SCOTT W. BRADY
        United States Attorney

        /s/ Paul E. Skirtich
        Assistant United States Attorney
        PA ID # 30440
        U.S. Department of Justice
        United States Attorney's Office
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219
        paul.skirtich@usdoj.gov

        Attorneys for Plaintiff

        September 25, 2018