## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>   v.<br><br>WPN CORPORATION; RONALD LABOW; SEVERSTAL WHEELING, INC. RETIREMENT COMMITTEE; MICHAEL DICLEMENTE; DENNIS HALPIN; WHEELING CORRUGATING COMPANY RETIREMENT SECURITY PLAN; and SALARIED EMPLOYEES' PENSION PLAN OF SEVERSTAL WHEELING, INC.,<br><br>        Defendants. | Civil Action No. 14-1494<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

AND NOW, in accordance with the standard governing motions for summary judgment and upon consideration of the motion for summary judgment filed by Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("DOL") (Docket No. 178), its brief in support thereof (Docket No. 185), its concise statement of material facts with appendix (Docket Nos. 178, 186), and the lack of response by Defendants Ronald LaBow ("LaBow") and WPN Corporation ("WPN"), for the reasons that follow,

IT IS HEREBY ORDERED that said Motion [178] is **GRANTED**.

Summary judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The initial burden is on the moving party to adduce evidence illustrating a lack of genuine triable issues.  *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue in rebuttal.  *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  When considering the parties' arguments, the court is required to view all facts and draw all inferences in the light most favorable to the non-moving party.  *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Local Rule of the United States District Court for the Western District of Pennsylvania 56(C) requires that a party opposing summary judgment file a response in opposition within thirty days.  LCvR 56(C).  Defendants LaBow and WPN never responded to the DOL's September 25, 2018 Motion.  *See* (Docket No. 178).  However, where, as here, a party purposefully fails to respond, Federal Rule of Civil Procedure 56(e)(3) still requires that the court determine that there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(e)(3); *United States v. Floyd*, Civ. Act. No. 12-1890, 2017 WL 5633203, at *2 (D. N.J. Nov. 21, 2017) (citing *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174-78 (3d Cir. 1990)).

The DOL moves for summary judgment on the basis of nonmutual collateral estoppel arguing that the United States District Court for the Southern District of New York and the Court of Appeals for the Second Circuit addressed the very issue before the Court, whether WPN and LaBow breach their fiduciary duties to the Severstal Trust in violation of § 404(a)(1)(A), (B).  (Docket No. 185 at 3) (citing *Severstal Wheeling, Inc. Ret. Comm. v. WPN Corp.*, 119 F. Supp. 3d 240

(S.D.N.Y. 2015); *aff'd*, 659 F. App'x 24 (2d Cir. 2016)). "[C]ollateral estoppel applies when '(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment.'" *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 316 (3d Cir. 2019) (quoting *In re Graham*, 973 F.2d 1089, 1097 n.31 (3d Cir. 1992)); *see Doe v. Hesketh*, 828 F.3d 159, 171 (3d Cir. 2016) (citing *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999)) (explaining a court looks to federal law principles of collateral estoppel in determining the preclusive effect of a prior federal court determination).

In this Court's estimation, the Southern District of New York addressed all three elements of a § 404(a) violation. *See Sweda v. Univ. of Pittsburgh*, 923 F.3d 320, 327-28 (3d Cir. 2019). District Judge Swain found (1) that WPN and LaBow were fiduciaries pursuant to 29 U.S.C. § 1002(21)(A)(ii); (2) that they breached their fiduciary duties;[1] and (3) that the Severstal Plans[2] experienced a loss as a result of this breach. *Severstal Wheeling, Inc. Ret. Comm.*, 119 F. Supp. 3d at 263-69. Judge Swain entered judgment in the amount of $15,016,327.74 against WPN and LaBow. *Id.* at 270. The Second Circuit affirmed, and WPN and LaBow did not appeal. *Severstal Wheeling, Inc.*, 659 F. App'x 24. Therefore, because the issue sought to be precluded was previously addressed by the Southern District of New York and was actually litigated and essential to the prior final valid judgment, non-mutual offensive collateral estoppel applies. WPN and LaBow are, thus, precluded from further litigating these claims. Consequently, the DOL is entitled to judgment as a matter of law against LaBow and WPN.

---

[1] Specifically, the District Court found that they breached their duties by designating an undiversified portfolio for transfer, failing to communicate that fact to the Severstal Wheeling, Inc. Retirement Committee, directing the transfer knowing no one would be managing the assets, failing to liquidate the undiversified portfolio quickly, and in failing to recommend and implement a diversified portfolio after November 3, 2009. *Severstal Wheeling, Inc. Ret. Comm.*, 119 F. Supp. 3d at 264-65.

[2] The Severstal Plans consist of the Wheeling Corrugating Company Retirement Security Plan and the Salaried Employees Pension Plan of Severstal Wheeling. *Id.* at 242.

The DOL contends that LaBow and WPN's breach caused between $6,775,243 and $7,823,373 in damages and seeks a judgment in that range less any amounts LaBow and WPN already paid. (Docket No. 185 at 11). The DOL explains that this amount is less than the amount awarded before the Southern District of New York because its expert used a more conservative investment portfolio and it only seeks damages for the period of November 1, 2008 until May 19, 2009 rather than from November 3, 2008 until July 16, 2009. (*Id.*); *Severstal Wheeling, Inc. Ret. Comm.*, 119 F. Supp. 3d at 268. Given that the DOL has set forth a range of damages and seeks that any judgment be offset by any unknown amount already paid by LaBow and WPN,

IT IS FURTHER ORDERED that the DOL file a supplemental brief clearly establishing the legal and factual basis for any award of damages no later than July 30, 2019.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: July 16, 2019

cc/ecf: All counsel of record.